Davis *vs.* The State of Georgia.

---

GADSDEN DAVIS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. An indictment containing a count for robbery, and one for assault and battery, is demurrable.
2. It was error in the court to charge the jury that "this case has already consumed too much unnecessary time. I have allowed this prisoner great latitude in introducing evidence at unseasonable times, in order that he might show, if he could, his innocence."

Criminal law. Indictment. Charge of Court. Before Judge CLARK. Houston Superior Court. November Adjourned Term, 1875.

It is only necessary to add to the report contained in the decision, the explanatory note annexed by the judge to the charge set forth in the second head-note, upon certifying the grounds of the motion for new trial to be true. This note is substantially as follows: It has been my practice to allow our colored population every indulgence, knowing their want of legal knowledge. I went much further, and charged the jury that they were the sole judges of the guilt or innocence of the prisoner; that they were bound to decide solely from the evidence, and not be in the least influenced by his color or condition in life, and that as to his guilt or innocence, the court did not and could not express an opinion; it was for the jury alone to decide.

DAVIS & NOTTINGHAM, for plaintiff in error.

C. J. HARRIS, solicitor general, by S. HALL, for the state.

Davis *vs*. The State of Georgia.

WARNER, Chief Justice.

The defendant was indicted for the offense of robbery, and on the trial therefor, was found guilty. A motion was made for a new trial on the several grounds stated therein, which was overruled by the court, and the defendant excepted.

It appears from the record that the indictment contained two counts, the one charging the defendant with the offense of "robbery," the other charging him with the offense of an "assault and battery." On being arraigned, the defendant demurred to the indictment on the ground that he was charged therein with two separate and distinct offenses—one of which was a felony, the other only a misdemeanor. The court overruled the demurrer, and that is one of the grounds of the motion for a new trial.

The court charged the jury, amongst other things, as follows: "Gentlemen of the jury, this case has already consumed too much unnecessary time. I have allowed this prisoner great latitude in introducing evidence at unseasonable times, in order that he might show, if he could, his innocence." This charge of the court is also one of the errors complained of in the motion for a new trial.

1. In our judgment, the court erred in overruling the defendant's demurrer to the indictment. Whilst two or more counts, charging the defendant with the same species of felony may be joined in the same indictment, as well as different counts charging the defendant with misdemeanors, still, the indictment is demurrable when it contains two counts—the one charging the defendant with an offense amounting to a *felony*, and the other charging him with an offense which amounts to a *misdemeanor* only, and the reason is that it would 'embarrass the defendant in the selection of a jury, for he might be willing that a juror should try him for the one offense, and not for the other: 1 Chitty's Criminal Law, 253-4-5; *Lynes vs. The State*, 46 *Georgia Reports*, 208.

2. The charge of the court to the jury complained of, was also error, as it was calculated to prejudice the defendant's

case, which was then about to be submitted to them for their verdict, notwithstanding the explanatory note of the judge contained in the bill of exceptions. The clear inference which the jury would naturally draw from this charge was that the court believed the defendant guilty, and that he had allowed him great latitude to show his *innocence*, if he could, but that he had already consumed too much time unnecessarily in attempting to do so. This charge of the court, to say the least of it, was calculated to hurt the defendant, and most probably did hurt him. As there is to be a new trial, we express no opinion in relation to the evidence in the case, or as to the other grounds contained in the motion.

Let the judgment of the court below be reversed.