Hudson *v.* The State.

When a bail-bond in a criminal case is conditioned for the appearance of the principal at the county court to answer a bill of indictment, the bail is not bound to produce his principal until a bill of indictment has been found, although when the obligation was entered into there was pending in the county court an accusation for the offence, made out after the accused had waived indictment. If it was the purpose of the officer to take an obligation for appearance to answer the pending accusation, that purpose was not signified by taking an obligation to answer to a bill of indictment, a county court accusation not being a bill of indictment but something different therefrom both in form and substance.

April 17, 1893. Argued at the last term.

Before Judge Fish. Sumter superior court. November term, 1891.

J. A. Hixon, by E. H. Cutts, for plaintiff in error.

C. B. Hudson, solicitor-general, and L. J. Blalock, contra.

Bleckley, Chief Justice.

County courts can deal with two classes of misdemeanor cases, the one class being indictments originating in and transferred from the superior court, and the other being accusations originating in the county court. Can bail who obligate themselves in their contract to produce their principal in the county court to answer a bill of indictment be required to produce him there to answer a county court accusation? We think not. A case triable on indictment is not a case for accusation, and a case triable on accusation is not one, for

indictment. An accusation, it is true, could be abandoned by the State and an indictment for the same offence procured, or an indictment might be abandoned and an accusation preferred. But where bail enter into an obligation to have their principal forthcoming to answer an indictment, they do not violate that obligation by failing to produce him to answer something which is not an indictment either in name or in fact, but something which the statutes of the State themselves distinguish from it. In this case the bail is not concerned with the fact that at the time he contracted touching the indictment there was an accusation for the offence pending in the county court, and that this was made out after the accused had waived indictment. This state of facts would not indicate that the bail meant to waive indictment but rather the contrary, for what he undertook was to produce his principal to answer to an indictment; and the better supposition would be that the State meant to abandon the accusation, procure an indictment in the superior court and have it tranferred to the county court. At all events, no purpose to have the accused present in the county court to answer an accusation was signified by taking an obligation to have him there to answer a bill of indictment. The bail is entitled to stand on his contract according to its terms, and no indictment having been found, his obligation has not been broken.

*Judgment reversed.*