### 4299. SEWELL v. THE STATE.

HILL, C. J. The evidence in this case conclusively showing that the intoxicating liquor found in the place of business of the accused was brought and placed therein without his knowledge or consent, and that he was in no wise connected therewith, and it not appearing that he had any knowledge that the liquor was there, the verdict of conviction was without evidence to support it, and was therefore unauthorized by law.  *Judgment reversed.*

DECIDED OCTOBER 22, 1912.

Accusation of keeping liquor at place of business; from city court of Carrollton—Judge Beall. July 18, 1912.

*Newell & Fielder,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

---

### 4317. HURST v. THE STATE.

HILL, C. J. 1. This court and the Supreme Court have repeatedly held that the pendency of a former indictment, charging the same offense against the accused as that set out in the indictment upon which he is to be tried, affords no grounds for plea in abatement. *Cabaniss* v. *State,* 8 *Ga. App.* 129 (68 S. E. 849).

2. Where several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried. Whenever he has been acquitted or convicted on any one of them, he can plead such acquittal or conviction in bar of other prosecutions on the indictments. *Gray* v. *State,* 6 *Ga. App.* 428 (65 S. E. 191).

3. There is no such plea to an indictment as pendency of a former indictment, or autrefois arraign. *Doyal* v. *State,* 70 *Ga.* 134.

4. An indictment can be legally returned in the superior court against a person charging him with the same offense covered by an accusation pending in the city court, and vice versa. A trial and conviction or acquittal on the indictment would bar a subsequent trial on the accusation, and vice versa; and in either case the State would have the right to nol. pros. or abandon either the indictment or the accusation. *Hudson* v. *State,* 91 *Ga.* 553 (18 S. E. 432).  *Judgment affirmed.*

DECIDED OCTOBER 22, 1912.

Accusation of public indecency; from city court of Blackshear—Judge Milton. June 10, 1912.

*E. H. Williams,* for plaintiff in error.

*S. F. Memory, solicitor,* contra.