19407. McCASKELL *v.* THE STATE.

DECIDED MARCH 5, 1929.

*H. B. Edwards,* for plaintiff in error.

*R. G. Dickerson, solicitor, Little & Dickerson,* contra.

LUKE, J. Robert McCaskell was convicted of possessing whisky. His motion for a new trial was overruled, and he excepted.

The facts of the case may be summarized as follows: The defendant was running a restaurant in Valdosta. In that business he employed regularly several persons as help. On a certain afternoon officers drove up to his place of business at about the same time that he did, and told him that they wished to search his place. He consented, and, while the search was going on, "was standing over the show-case" where the whisky was found. Six pints of whisky were found under the show-case, and the show-case was so arranged that it would have to be moved before the whisky could be gotten. After the defendant reached the police station he said that "it was mighty good whisky." The whisky was found at about four o'clock, and the defendant had been away from his

place of business since one o'clock of the same afternoon. He denied that the whisky was his, and said that he knew nothing about it. The defendant gave a boy board and lodging to work about his place. The boy was addicted to drink, and had been convicted of larceny after trust. He testified that while the defendant was absent he looked out of a window and saw an unknown man set a paper sack down in some bushes; that he found that the man had left whisky; that he (the witness) put all but one bottle of the whisky under the show-case, and drank enough of the contents of a bottle which he kept to make him drunk. Another witness, who worked at the restaurant, testified that she saw the boy have some whisky, and ordered him to take it away. Several employees were in the defendant's place of business when the whisky was found, and the public had access to it.

Had we been acting as jurors we might have reached a different conclusion from that expressed by the verdict; but we can not say that there was no evidence to authorize the verdict, which has the approval of the trial judge. We therefore hold that the court did not err in overruling the general grounds of the motion for a new trial.

In ground 4 the defendant contends that the court erred in charging that if whisky is found in a person's place of business, the law presumes it to be in his custody and control, but that this is a presumption of law which "must yield to the actual facts of the case;" and that if the jury believed that the whisky was found at 'the defendant's place of business, they might convict. In immediate connection with the excerpt complained of the court instructed the jury that if they believed that the whisky was put in the defendant's place of business in his absence, "and that he knew nothing about it and had nothing to do with it, the presumption of law would be overcome, and your verdict should be one of not guilty." In connection with its context the excerpt complained of is perfectly fair, and is not subject to the criticism that it was not adjusted to the facts of the case.

In ground 5 complaint is made that the court did not charge the jury in language of the decision in *Sewell* v. *State,* 11 *Ga. App.* 754 (75 S. E. 1135), set out in that ground, which was in effect that the evidence conclusively showed that the liquor was placed in the defendant's place of business without his knowledge or consent,

that he had nothing to do with it, and that "the verdict of conviction was without evidence to support it." Had the judge given the charge requested, he would have usurped the right of the jury to pass upon the credibility of the witnesses and the weight of the evidence. Morever, such a charge would have been tantamount to the direction of a verdict for the defendant; and since it is not error to refuse to direct a verdict, it could not be error to refuse to give the requested charge.

Ground 6 complains that the court's charge was not adjusted to the facts of the case, and that the judge failed to charge the law laid down in several cases cited in the exception. The charge of the court was full and fair and covered the law applicable to the case, including the law of circumstantial evidence as laid down in our code; and, in the absence of any timely and appropriate request for fuller instructions, the charge needed no amplification.

Ground 7 complains that the court erred in failing to give in charge the headnote in the case of *Smith* v. *State, 5 Ga. App.* 834 (63 S. E. 928), as requested. Waiving the fact that no request to charge was made in writing, the headnote is not properly phrased for a charge, particularly for a charge in the case at bar. Besides, the principles of law contained in the request were sufficiently covered by the charge given.

Ground 8 is in substance that the court did not state the contentions of the defendant in sufficient detail. The charge was full and fair, and, in the absence of a timely and appropriate written request, it does not lie in the mouth of the defendant to complain that it should have been more elaborate.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*