35844.   POPE *v.* THE STATE.

DECIDED SEPTEMBER 28, 1955.

*Pierre Howard, Charles H. Edwards, Wm. H. Whaley,* for plaintiff in error.

*Paul Webb, Solicitor-General, C. O. Murphy,* contra.

GARDNER, P. J.    It will be noted from the record that there are various rulings of the trial court to which exceptions were assigned as error in the bill of exceptions.  It is not necessary to rule on all of these exceptions separately, and we do not do so. The case turned on whether or not the court committed reversible

error in directing a verdict on the issue formed by the plea of autrefois convict and the traverse thereto, and this is the germane question to which we will direct our attention, because if the court committed reversible error in directing a verdict, all subsequent proceedings are nugatory. In this connection, while we do not think it necessary to deal with the judgment denying the motion for a new trial, it is perhaps better practice to do so. We hold that the court committed reversible error in dismissing the motion for a new trial on the amended motion.

Let us now look to the record and the law to determine whether or not the court committed reversible error in directing a verdict against the defendant on the plea of autrefois convict, and at the same time conclude whether or not the evidence and the law regarding that issue demanded a finding in favor of the defendant on his plea of autrefois convict. In determining that issue, we must determine: (a) was the accusation in the Superior Court of Liberty County based on the same transaction as charged in the indictment in Fulton County; and (b) was the defendant placed in jeopardy in the Superior Court of Fulton County on the same transaction? Code § 26-2602 defines larceny as follows: "Simple theft or larceny is the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same. The thief may be indicted in any county in which he may carry the goods stolen." This court held in *Lanier v. State*, 25 *Ga. App.* 489 (2) (103 S. E. 730), as follows: "The rule as to simple larceny, that the thief may be indicted in any county into which he has carried the stolen goods . . . includes larceny of an automobile." In *Sanders v. State*, 67 *Ga. App.* 706 (3) (21 S. E. 2d 276), this court said: "Where an automobile is stolen in one county and carried into another county, the offender may be indicted and tried in the latter county. The indictment is sufficient if it alleges that the asportation occurred in the latter county, without any reference to any other county." See *Tippins v. State*, 14 *Ga.* 422, to the same effect. There are numerous cases which hold likewise. See *Young v. Young*, 188 *Ga.* 29 (2 S. E. 2d 622), and *Wiley v. Kelsey*, 9 *Ga.* 117.

We would like to call attention to the principle of law set out in *Doyal v. State*, 70 *Ga.* 134 (3), where it is held: "But there is

no such plea to an indictment as pendency of a former indictment or autrefois arraign." See also *Hurst* v. *State,* 11 *Ga. App.* 754 (76 S. E. 78), wherein this court said: "This court and the Supreme Court have repeatedly held that the pendency of a former indictment charging the same offense against the accused as that set out in the indictment upon which he is to be tried affords no grounds for plea in abatement. *Cabaniss* v. *State,* 8 *Ga. App.* 129 (68 S. E. 849).

"2. Where several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried. Whenever he has been acquitted or convicted on any one of them, he can plead such acquittal or conviction in bar of other prosecutions on the indictments. *Gray* v. *State,* 6 *Ga. App.* 428 (65 S. E. 191).

"3. There is no such plea to an indictment as pendency of a former indictment, or autrefois arraign. *Doyal* v. *State,* 70 *Ga.* 134.

"4. An indictment can be legally returned in the superior court against a person, charging him with the same offense covered by an accusation pending in the city court, and vice versa. A trial and conviction or acquittal on the indictment would bar a subsequent trial on the accusation, and vice versa; and in either case the State would have the right to nol. pros. or abandon either the indictment or the accusation. *Hudson* v. *State,* 91 *Ga.* 553 (18 S. E. 432)."

The Supreme Court in *Maher* v. *State,* 53 *Ga.* 448 (21 Am. R. 269), stated: "I can find no authority for the position that because an indictment has been instituted in one court which had jurisdiction over the offense, therefore, any judgment of another court with like jurisdiction, rendered in a prosecution commenced afterwards for the same offense, was void." Code (Ann.) § 27-704 reads: "Trial on Accusation; waiver of indictment.—In all misdemeanor cases and in felony cases other than capital felonies in which the defendants have been bound over to the superior court, or are confined in jail pending commitment trial, or are in jail, having waived commitment trial, the prosecuting officers of such court shall have authority to prefer accusations, and such parties shall be tried on such accusation: Provided, that parties going to trial under such accusations shall in writing waive in-

dictment by a grand jury. Judges of the superior court may open their courts at any time without the presence of either grand jury or traverse jury to receive and act upon pleas of guilty in misdemeanor cases, and in felony cases except those punishable by death or life imprisonment, when the judge and the accused consent thereto, and the judge may try the issues in such cases without a jury upon an accusation filed by the prosecuting officer where the accused has waived indictment, and consented thereto in writing: and Provided further that counsel is present in court representing such defendant either by virtue of his employment or by appointment by the court. (Acts 1915, p. 32; 1935, p. 116.) ''

There is nothing in this record to show that the provisions of the Code section immediately hereinbefore quoted were not fully complied with regarding the accusations lodged against the defendant in the Superior Court of Liberty County. All essential officers were present, including counsel representing the defendant.

In view of this record, the evidence demanded a finding in favor of the plea of autrefois convict filed by the defendant, and the trial judge of the Superior Court of Fulton County erred in not so finding.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*