### 22180. SWEENEY v. BALKCOM.

SUBMITTED SEPTEMBER 10, 1963—DECIDED OCTOBER 10, 1963.

James C. Sweeney, *pro se.*

*Eugene Cook, Attorney General, Howard P. Wallace, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General*, contra.

ALMAND, Justice. James C. Sweeney in his petition for the writ of habeas corpus alleged that he was being illegally detained in the Georgia State Prison by its warden, R. P. Balkcom, Jr., in that he was indicted, convicted, and sentenced under the provisions of a statute which he alleged was null and void in that it violated certain stated provisions of the Constitutions of the State of Georgia and the United States. On the hearing of the petition there was evidence that Sweeney pled guilty to an indictment in Fulton Superior Court on September 18, 1962, charging him with the offense of robbery by the use of an offensive weapon in two counts and was sentenced to serve not less than ten years and not more than twenty years on count 1 and twenty years on count 2 which was suspended and to follow count 1. After a hearing he was remanded to the custody of the warden.

■ Sweeney was indicted under the provisions of the Act of 1957 (Ga. L. 1957, p. 261) which amended *Code* § 26-2501 by redefining the offense of robbery. It is contended that this act violates Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908) of the Constitution of Georgia which provides: "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof," in that the caption of the Act makes no reference to the punishment for robbery by the use of an offensive weapon while the body of the Act fixes the punishment for such offense. In the case of *Pitts v. State,* 219 Ga. 222 (132 SE2d 649), a similar contention was made and it was there decided that the Act did not violate this provision of the State Constitution.

■ The petition further alleged that Sweeney was indicted by a grand jury which was functioning in a discriminatory and unconstitutional manner in that *Code* §§ 89-9907 and 89-9908, and *Code Ann.* § 40-1617 provide for and establish a dual grand jury system which is repugnant to two specified provisions of the State Constitution and to the 14th Amendment of the Federal Constitution.

*Code* §§ 89-9907 and 89-9908 relate to malpractice of certain county officers and justices of the peace and the manner in which they are to be prosecuted. *Code Ann.* § 40-1617 deals with the procedure in the indictment of State officials for malpractice in office. It is readily apparent that these Code sections have no connection or relevancy as to the petitioner or as to the manner in which one is indicted for robbery. These grounds are without substance or merit.

■ It was not error to remand the petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*