### 51558. BUCKLES et al. v. THE STATE.

QUILLIAN, Judge.

On this court's grant of application for interlocutory appeal, we consider the trial judge's denial of a motion to sever and a motion to quash the indictment. *Held:*

1. "When two or more crimes are charged in separate counts in a single indictment, though committed at different times and places and involving transactions with different persons, and are of the same general nature or species, and the mode of trial is the same, it is mandatory that the trial judge, upon motion of defendant, order separate trials for each of the crimes charged." *Dingler v. State,* 134 Ga. App. 223, 224 (3) (214 SE2d 6), citing *Dingler v. State,* 233 Ga. 462 (211 SE2d 752). Accordingly, it was error for the trial judge to refuse to grant the motion to sever in its entirety, the motion should have been considered applying *Dingler* in conjunction with the rule set forth in *Jarrell v. State,* 234 Ga. 410, 413 (216 SE2d 258).

2. The remaining enumeration of error is without merit. *Sweeney v. Balkcom,* 219 Ga. 292 (2) (133 SE2d 10).

*Judgment on motion to sever reversed; judgment on motion to quash affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 14, 1976 — DECIDED FEBRUARY 3, 1976 — REHEARING DENIED FEBRUARY 27, 1976 —

*Roy E. Barnes,* for appellants.
*George W. Darden, District Attorney, Joseph L.*

*Chambers, Assistant District Attorney,* for appellee.