## 52932. WIGLEY v. THE STATE.

Deen, Presiding Judge.

1. The defendant was tried and convicted under a three-count accusation charging him with the offenses of drunk driving on June 29, July 13 and November 16, 1975, respectively. Prior to trial the defendant orally moved to sever the various counts for trial, and the court overruled the motion. This was error. Where the counts have been joined solely on the ground that the offenses are of the same or similar character, the trial court has no discretion but to grant the motion. *Dingler v. State,* 233 Ga. 462 (211 SE2d 752); *Buckles v. State,* 137 Ga. App. 802 (225 SE2d 61). This is not a mere matter of form, since, as *Dingler* points out, only thus may the fair rights of the defendant be protected. Our statute (Code § 26-506) does not require motions to sever to be in writing, nor do the ABA Standards Relating to the Administration of Criminal Justice, on which the *Dingler* decision is based, have such a requirement. Rule 12 (b) (5) of the Federal Rules of Criminal Procedure relating to pre-trial motions for severance particularly specifies that they may be either written or oral at the discretion of the trial judge. The court here required counsel to dictate his motion into the record, and this sufficiently establishes its content. The erroneous denial of the motion requires the grant of a new trial.

2. The remaining enumeration of error is without merit. *Shy v. State,* 234 Ga. 816 (1) (218 SE2d 599).

*Judgment reversed. Webb and Smith, JJ., concur.*

Argued October 5, 1976 — Decided October 22, 1976.

*Dunaway & Perry, William J. Perry,* for appellant.
*Gammon & Anderson, Joseph N. Anderson,* for appellee.