### 76420. GARCIA v. THE STATE.
(369 SE2d 776)

DEEN, Presiding Judge.

This is a companion case to *Beguiristain v. State*, 187 Ga. App. 164 (369 SE2d 774) (1988) and the relevant facts are set forth in that case. Garcia was also convicted of trafficking in cocaine and received the mandatory twenty-five-year sentence and a $500,000 fine.

1. The trial court did not err in denying Garcia's motion for a directed verdict of acquittal, as the State presented sufficient evidence for the case to go to the jury. Appellant was in the passenger seat of Beguiristain's automobile when it was stopped by a deputy sheriff and searched. The cocaine was hidden in the console between the two front seats and he could have easily reached it. He testified that he had left Miami earlier in the day and was going to Chicago to visit relatives, but did not know why Beguiristain was going to Chicago. The evidence also showed that some four months earlier he was

arrested in Florida for the delivery of cocaine to an undercover police officer. During the sale to the undercover officer, appellant stated that he had just returned from Chicago. His automobile was seized when he was arrested. Testimony about the Florida transaction was admissible because it was relevant to the issues in this case. *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984). During the post-arrest interview appellant stated that they were to meet a person in Chicago the following morning and that this person was flying in from Miami and that he (appellant) would not make any phone calls that would interfere with the delivery. The evidence was admissible to show appellant's knowledge of the purpose of the trip and was sufficient to sustain his conviction. The court below therefore did not err in denying the motion for a directed verdict of acquittal. *Maddox v. State*, 170 Ga. App. 498 (317 SE2d 617) (1984).

2. Appellant's statement was properly found by the trial court to have been voluntarily made after he waived his *Miranda* rights. Appellant signed a written waiver of his *Miranda* rights after he was advised of them by a detective. When asked to cooperate with the investigation, appellant asked to speak with Beguiristain and the only statements that he made were that "they were supposed to meet a person in Chicago on the morning of October 24, 1986." "This person was flying from Miami to Chicago" and that the two men would not make any phone calls to interfere with that. The court found that there had been no promise made to appellant that would render the statement involuntary. Appellant denied making any statement to the detective. The trial court resolves such factual issues as the credibility of the witnesses and considers the totality of the circumstances in determining the voluntariness of an in-custody statement. *Mathews v. State*, 183 Ga. App. 224 (358 SE2d 639) (1987). Considering the totality of the circumstances here, we find no error.

3. There is no evidence to support appellant's assertion that he was denied effective assistance of counsel. His appointed attorney's failure to file for a preliminary hearing did not harm him as he was given such a hearing on November 10, 1987, which was within eighteen days of his arrest. Appointed counsel withdrew when he hired independent counsel, who appeared on his behalf on November 10, 1986. Appellant's complaint that trial counsel was not effective is not supported by an examination of the record. His attorney's failure to request a pre-sentence investigation did not harm him as a conviction under the trafficking statute carries a minimum mandatory sentence. OCGA § 16-13-31 (a) (1) (c). Appellant has not shown that the second attorney's performance was deficient and that it actually prejudiced his defense. *Cook v. State*, 255 Ga. 565 (17) (340 SE2d 843) (1986).

4. The prosecutor did not commit misconduct in seeking to question appellant after he chose to take the stand and testify on his own

behalf. Once sworn as a witness, a defendant may be cross-examined by the State in the same manner as any other witness as to matters relevant to the issues at trial. OCGA § 24-9-20 (b). When he was asked where he obtained the cocaine that he sold to the undercover officer in Florida, Garcia denied knowing anything about cocaine and refused to answer questions about the pending Florida case. It was only after appellant refused to answer questions on cross-examination that the State moved to strike his entire testimony. The court denied the prosecutor's motions to compel and to strike his testimony on direct examination. As appellant made no statements about his prior offense, we fail to see where he was harmed.

5. The appellant was not placed in jeopardy when the first indictment was returned against him. This indictment was defective and withdrawn and he was reindicted. No jeopardy attached. *Dingler v. State*, 134 Ga. App. 223 (214 SE2d 6) (1975).

6. Appellant was not harmed when the court sentenced him immediately after the return of the jury verdict. The mandatory minimum sentence was imposed as required under OCGA § 16-13-31 (a) (1) (c), and there was no reason why the court had to delay sentencing.

7. The court properly denied appellant's motion to suppress. The cocaine was found after the owner of the vehicle gave his consent to search after the vehicle was stopped for speeding. He was a mere passenger and did not have authority to prevent the owner from consenting to the search of the vehicle. *Chaney v. State*, 133 Ga. App. 913 (213 SE2d 68) (1975).

8. Evidence of a prior offense of trafficking in cocaine was properly admitted to show his knowledge, identity, intent, motive and course of conduct. His identity in the prior offense was sufficiently shown. *Kilgore v. State*, 251 Ga. 291 (305 SE2d 82) (1983). The similarity and connection between the two offenses is set forth in Division 1, above, and it is apparent that in both instances large amounts of cocaine were to be transferred to others. Given the similarity of the two offenses and the issues presented for trial here, the evidence of the prior cocaine delivery in Florida four months before his arrest in Georgia was admissible. *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 28, 1988 —
REHEARING DENIED MAY 11, 1988 — ▉

Jose Antonio Garcia, *pro se.*
Jack O. Partain III, District Attorney, Steven M. Harrison, As-

*sistant District Attorney*, for appellee.