A91A0650. LIROUSA v. THE STATE.
(408 SE2d 436)

BANKE, Presiding Judge.

The appellant brings this appeal from the denial of his motion for new trial following his conviction of trafficking in cocaine. His sole enumeration of error is directed to the trial court's denial of his motion to suppress the cocaine on which the prosecution was based.

While driving north on Interstate 75 accompanied by a male companion and two female companions in an automobile owned by one of the female companions, the appellant stopped at a rest area just south of Calhoun, Georgia. A Georgia state patrolman observed the vehicle parked there with its hood up; and after activating a video camera in his vehicle, he approached it and asked the appellant and his male companion, both of whom were looking under the hood of the vehicle at the time, if they needed assistance. The male companion responded that they were just checking the oil, following which the trooper remained there conversing with them. The trooper testified that he became suspicious because the appellant and his companions gave differing reasons for their trip and because the woman who owned the vehicle stated that she had purchased it in Milwaukee just five days earlier but had not driven it because she had no driver's license. He accordingly asked the woman for permission to search it; and after consulting with the others, she agreed, both orally and in writing. However, before the trooper commenced the search, a maintenance man who worked at the rest area motioned for him to examine the contents of a trash can located in front of the vehicle. Upon doing so, the trooper discovered a brown paper bag containing approximately one kilogram of cocaine. (The videotape made by the camera in the trooper's vehicle revealed that one of the appellant's companions had placed the bag in the trash can while the trooper was not looking.) The ensuing search of the vehicle resulted in the discov-

ery of a piece of brown paper containing cocaine residue which appeared to have been torn from the bag containing the cocaine. In denying the appellant's motion to suppress, the trial judge determined that the cocaine in the trash can constituted abandoned property and that the appellant had no standing to challenge the search of the vehicle due to his lack of any possessory interest in it. The appellant's three codefendants pled guilty and testified against him at trial. *Held*:

The trooper clearly was entitled to treat the contents of the trash can as abandoned property. See generally *Evans v. State*, 192 Ga. App. 832, 834 (6) (386 SE2d 712) (1989). Pretermitting whether the discovery of this evidence established probable cause for a search of the vehicle, the trial court correctly concluded that, since its owner was present and consented to the search, the appellant's status as driver did not operate to give him any possessory interest in the vehicle. Rather, his status under the circumstances was equivalent to that of a "mere passenger," with the result that he did not have authority to prevent the owner from consenting to the search. *Garcia v. State*, 187 Ga. App. 166, 168 (7) (369 SE2d 776) (1988). Accordingly, the trial court did not err in denying his motion to suppress.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JUNE 19, 1991 —
RECONSIDERATION DENIED JULY 15, 1991.

*Bailey & Bearden, J. Lane Bearden*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.