STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
LAWRENCE JANIEC, DEFENDANT-RESPONDENT.

Submitted December 22, 1952—Decided February 9, 1953.

398

*Mr. J. Victor Carton,* Monmouth County Prosecutor, Attorney for the State (*Mr. George A. Gray,* Assistant Prosecutor, on the brief).

*Mr. Lawrence Janiec, pro se.*

The opinion of the court was delivered by

WACHENFELD, J. The indictment presently under consideration charges the defendant in the first count with three prior convictions for high misdemeanors in the Counties of Passaic, Bergen and Mercer, respectively, and with having

committed the crime of breaking and entering with intent to steal in a residence at Deal, New Jersey, on September 19, 1945. The second count charges grand larceny committed on the same occasion, after reiterating the prior convictions.

There was ample proof of the three former convictions and they were not denied by the defendant. He, when queried about them, denied recollection of the details, saying, however: "I remember being convicted but I can't give you the dates."

The jury disagreed on the charge of breaking and entering but returned a verdict of guilty on the larceny count and on the charge of having been previously convicted of three high misdemeanors. On this finding, the defendant was sentenced to life imprisonment as an habitual criminal.

On appeal, the Appellate Division reversed the convictions, finding a supplemental charge to the jury embodied prejudicial error. A dissenting opinion holding to the contrary is the basis for this further appeal.

 The State challenges the defendant's right to appeal on the grounds advanced, citing *Rule* 1:2–19(a) and *Rule* 1:3–2(c). It alleges the error, if any, was not such "plain error" as is contemplated by the amendment to *Rule* 1:2–19(a) and, moreover, there is a violation of *Rule* 1:3–2(c), which provides, among other things, that if the questions involved on appeal include any not presented to the court below, this fact shall be noted. Under the rule, this requirement is in highest degree mandatory and admits of no exceptions. Ordinarily, no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved. *Roberts Elec., Inc., v. Foundations & Excavations, Inc.,* 5. *N. J.* 426 (1950). It is implicit, however, in the use of the word "ordinarily" that the rule is not entirely without exception.

 We need not attempt, in the present case, to establish a strict delimitation of its applicability. The defendant here is appearing *pro se* and the sentence imposed by the trial court is life imprisonment. Under these circumstances we

do not regard ourselves as being precluded from deciding the meritorious question presented in the briefs.

*Rule* 1:2–19(*a*) provides that error in the charge of the court shall be cause for reversal

"if specific objection thereto was made and it appears from the entire record of the proceedings had upon the trial that the defendant thereby suffered manifest wrong or injury. The court may, however, notice plain errors affecting substantial rights of the defendant, although they were not brought to the attention of the trial court."

The last-quoted sentence was added by amendment and it is upon this that the defendant relied in prosecuting his appeal on grounds not raised before or adjudicated by the trial court.

Admittedly, the court's instructions to the jury in the main charge were without error and no assertion to the contrary is made. In substance, it said the defendant could not be convicted as an habitual criminal unless the jury was satisfied beyond a reasonable doubt he had been convicted of three previous high misdemeanors and was also guilty of either the breaking and entering count or the grand larceny count or both. The court also told the jury the State had to establish the identity of the accused as the person formerly convicted of the three high misdemeanors set forth in the indictment.

After the jury had deliberated for nearly three and a half hours, it returned to the courtroom and asked: "Can the jury bring in separate verdicts for, one, breaking and entering, and, two, grand larceny, or must they be found in one verdict?"

The court said in response: "I have charged you that breaking and entering is a high misdemeanor, and likewise is grand larceny. A conviction of either one of these counts will automatically, under the indictment, find him to be an habitual criminal, they all being high misdemeanors."

The Appellate Division found error in the supplemental charge centering on the use of the word "automatically." It thought that although the jury rendered a separate verdict

finding the defendant guilty of the three previous convictions, "it is impossible to say whether this verdict followed 'automatically' upon a finding of guilt of grand larceny or resulted from a separate consideration of this issue and a determination from the evidence that such guilt had been shown beyond a reasonable doubt."

■ The soundness of instructions is not to be judged by the meaning counsel can ascribe to them at leisure but rather by the understanding that would be derived by ordinary men and jurors considering them in relation to the evidence before them and the circumstances of the trial. *State v. Pitman,* 98 *N. J. L.* 626 (*Sup. Ct.* 1923), affirmed 99 *N. J. L.* 527 (*E. & A.* 1924).

■ In concluding whether or not the charge correctly instructed the jury, it must be read as a whole. We stated the rule in *State v. Tansimore,* 3 *N. J.* 516 (1950), as follows:

"In determining whether or not error was committed, a single sentence may not be extracted and construed without regard to the context of the entire charge. *State v. Banusik,* 84 *N. J. L.* 640 (*E. & A.* 1906). The court cannot state the law of the case in a single sentence and the charge must be read as a whole in the light of a sensible construction to determine its legal worth. *State v. Tachin,* 92 *N. J. L.* 269 (*Sup. Ct.* 1919), affirmed, 93 *N. J. L.* 485 (*E. & A.* 1919). Although certain sentences in a charge taken alone may need some amplification to render them accurate, yet if such amplification be given in the context so that the jury cannot be misled, there is no error justifying reversal. *State v. Frank,* 90 *N. J. L.* 78 (*Sup. Ct.* 1917), affirmed, 91 *N. J. L.* 718 (*E. & A.* 1918)."

Here in its main charge the court clearly and meticulously instructed the jury it must find the defendant was convicted of three previous high misdemeanors as well as find him guilty of one or both of the counts in the present indictment before he could be convicted as an habitual criminal. The question asked by the jury during the course of its deliberations did not relate to the previous convictions but only to the two separate counts of the present indictment. The court's supplemental instructions in response to the jury's

query must be considered in the light of the question asked and the enlightenment sought.

The court in effect said that a finding of guilty on either of the counts would constitute the fourth offense and so render the defendant liable to punishment as an habitual criminal provided, as previously emphasized, the jury found him guilty of the three previous convictions.

Viewed with these facts in mind, and applying the principles already enunciated, the charge was full, fair, accurate and in accord with the recognized and often-cited authorities. Not only did the supplemental charge fail to detract in any way from the charge previously given, but the court went on to say the jury had to be satisfied beyond a reasonable doubt that the defendant was "either guilty of all the charges in the indictment or any one of them."

That the jury was not misled by the instructions is evident from its separate verdicts finding the defendant guilty of one count in the indictment and of the three previous convictions and its recorded disagreement as to the other count charged against him.

Although the defendant was represented by competent counsel, no objection was made to the charge of the court nor was there any comment or suggestion calling to the court's attention the possibility of a misunderstanding such as that now urged as the ground for this appeal. The apparent satisfaction of counsel is some indication that the supplemental charge was not misleading, and we think it was obvious to the jury that it related only to whether the indictment could be split so that the defendant could be found guilty on one count and not guilty on the other. The jury's question and the court's answer were directed solely to this issue and not to the finding to be made regarding the prior convictions.

The judgment of the Appellate Division, in so far as it reversed the verdict finding the defendant guilty of having been convicted previously of three high misdemeanors and the life imprisonment sentence imposed, is reversed, and the

verdict, sentence and judgment of the County Court below are reinstated and affirmed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, JACOBS and BRENNAN—6.

*For affirmance*—None.