THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES A. LOWELL, a/k/a James A. Lindner, Defendant-Appellee.

Second District  No. 78-401

Opinion filed August 30, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Thomas A. Briscoe and Michael R. Fournier, both of Chicago, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The issue presented in this case is whether the State is free to proceed on a criminal complaint where it has filed a subsequent information based upon the same conduct, charging the same offense, and the information has been dismissed on the defendant's motion.

The procedural background of this case, which gives rise to this issue, is as follows: On February 9, 1976, a complaint was filed charging the defendant with the unlawful use of weapons. On May 3, 1977, a two-count information was filed against the defendant. The first count charged the defendant with possession of a controlled substance. The second count charged him with unlawful use of weapons, this count being based upon the same conduct which was the basis for the complaint filed on February 9, 1976. No preliminary hearing was held on the unlawful use of weapons charge and, since the defendant had not waived a preliminary hearing, he filed a motion to dismiss the unlawful use of weapons count of the information as being violative of section 111—2(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—2(a)), which provides that:

"* * *. No prosecution may be pursued by information unless a preliminary hearing has been held or waived in accordance with Section 109—3 and at that hearing probable cause to believe the defendant committed an offense was found."

The trial court entered an order granting the defense motion and dismissing the unlawful use of weapons count of the information on August 3, 1977. On May 4, 1978, the defendant filed a "Motion in Bar of Prosecution," seeking to have the State barred from prosecuting the defendant on the original complaint. On May 22, 1978, the trial court entered an order granting this motion. It is from this order that the State appeals.

On appeal, the State argues that an original, valid complaint is not rendered a nullity merely because the State files a subsequent information charging the same offense. The defendant asserts, to the contrary, that the subsequent information superseded the complaint and "permanently removed the complaint from further legal consideration by the court."

We find no Illinois case deciding this question. The general rule in other jurisdictions appears to be that:

"In the absence of a statute, where two indictments are pending against a person for the same offense, the second does not supersede or abate the first. Both indictments stand and prosecution may be had under either, prior to conviction or acquittal under one, the state or government having a right to elect

on which it will proceed * * *." 42 C.J.S. *Indictments and Informations* §34(a) (1944).

■■ In *Gannon v. People* (1889), 127 Ill. 507, the court held that pendency of an earlier indictment is no bar to a proceeding on a subsequent indictment charging the same offense; it would seem to follow that two instruments, charging the same offense, may both be lawfully pending simultaneously, until the State determines to proceed on one of them. This has been the uniform holding of those courts which have faced the issue. See, *e.g., Pope v. State* (1955), 92 Ga. App. 661, 89 S.E. 2d 530; *State v. Janiec* (1952), 20 N.J. Super. 471, 90 A. 2d 98, *rev'd in part on other grounds* (1953), 11 N.J. 397, 94 A. 2d 666; *State v. Mitchell* (1972), 9 Or. App. 25, 495 P. 2d 1245.

■■ We, therefore, hold that under the circumstances of this case, where there has been no claim of double jeopardy or abuse of prosecutorial authority to file successive charging instruments, the State was free to proceed on the initial complaint after the trial court dismissed the count of the subsequent information, charging the same offense.

The order of the circuit court of Du Page County granting the defendant's motion in bar of prosecution is therefore reversed and the cause is remanded.

Reversed and remanded.

SEIDENFELD and WOODWARD, JJ., concur.