# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Rich, 2011 IL App (2d) 101237**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MATTHEW RICH, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-10-1237 |
| Filed | November 3, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed an indictment charging a 21-year-old defendant with aggravated criminal sexual assault that occurred when he was under 15 years of age, since the indictment was legally defective to the extent that it charged that defendant committed the assault while he was 12 years of age, but the Criminal Code provides that no person shall be convicted of any offense unless he had attained his thirteenth birthday at the time of the offense, and furthermore, the charges did not constitute automatic transfer crimes and none of the exceptions in the Juvenile Court Act allowing the criminal prosecution of minors under 17 years of age applied. |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 09-CF-643; the Hon. Robbin J. Stuckert, Judge, presiding. |
| Judgment | Affirmed. |

| | |
|---|---|
| Counsel on Appeal | Clay Campbell, State's Attorney, of Sycamore (Stephen E. Norris and Sharon Shanahan, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | Donald R. Zuelke, of Zuelke & Byrd, LLC., of St. Charles, for appellee. |
| Panel | PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion. |
| | Justices Hudson and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1    The State appeals the trial court's dismissal of its indictment charging 21-year-old defendant, Matthew Rich, in adult criminal court with two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(b)(i) (West 2008))[1] that defendant allegedly committed when he was under age 15. The trial court dismissed the indictment on the basis that the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2008)) contemplates proceedings to be instituted under that Act when a minor, prior to his or her seventeenth birthday, commits a crime. For the following reasons, we affirm.

¶ 2                              I. BACKGROUND

¶ 3    Defendant was born on May 2, 1989. On November 10, 2009, defendant (age 20) was charged by complaint with two counts of aggravated criminal sexual assault in that, on or about May 1, 2002, through May 1, 2004, defendant, when "under 17 years of age," committed acts of sexual penetration with minor K.N., "who was under 9 years of age when the act was committed," in that he placed his finger and penis in K.N.'s vagina. Three months later, on February 19, 2010, the State charged defendant (still age 20) by indictment with the same acts. Defendant moved to dismiss the indictment, arguing that, pursuant to section 5-120 of the Act (705 ILCS 405/5-120 (West 2008)), because the indictment alleged that he committed the acts between the ages of 12 and 14, the State could not prosecute him as an adult for those offenses. Defendant argued that juvenile court would have exclusive jurisdiction of the charges against defendant and, further, that his due process rights would be violated by prosecuting him as an adult for offenses that allegedly occurred when he was a minor.

¶ 4    On July 23, 2010, after defendant turned 21 years old and before the court had ruled on

---

[1]This section was renumbered by Public Act 96-1551 (eff. July 1, 2011), and aggravated criminal sexual assault may now be found at 720 ILCS 5/11-1.30.

the motion to dismiss, the State filed a superseding indictment that was identical to the original indictment. Thereafter, defendant filed a second motion to dismiss on the same bases as his motion to dismiss the original indictment. After a hearing on the motion to dismiss the superseding indictment, the court, on November 4, 2010, granted defendant's motion to dismiss, noting that, if defendant had been 15 years old when he allegedly committed the crimes, the Act would automatically require that he be prosecuted in criminal court (705 ILCS 405/5-130(1)(a) (West 2008)). However, strict construction of the Act reflected that, because defendant was only 14 years old or younger when he allegedly committed the offenses, proceedings were proper only under the Act. The State appeals.

¶ 5                                    II. ANALYSIS

¶ 6        The issue on appeal concerns whether proceedings against a person who is a minor when an alleged offense is committed, but an adult when charged, may be initiated in adult criminal court. The State argues that, according to this court's decision in *In re Luis R.*, 388 Ill. App. 3d 730 (2009), delinquency proceedings under the Act may not be initiated against an individual 21 years of age or older, leaving prosecution in criminal court as the only option for charging an adult who committed a crime while a minor. Defendant, in contrast, argues that, because he allegedly committed the crimes as a minor, the Act governs and he may not be prosecuted as an adult in criminal court. For two reasons, we conclude that the trial court properly dismissed the indictment.

¶ 7        First, the court's dismissal was proper because the indictment was legally defective. Specifically, the indictment alleged that defendant committed the offenses on or about May 1, 2002, through May 1, 2004; as defendant's birthday is May 2, 1989, it charged defendant with committing a crime while age 12, that is, an offense on May 1, 2002. Section 6-1 of the Criminal Code of 1961, entitled "Infancy," provides that "no person shall be convicted of any offense unless he had attained his 13th birthday at the time the offense was committed." 720 ILCS 5/6-1 (West 2008). Accordingly, to the extent the indictment alleged that defendant committed acts of aggravated criminal sexual assault while age 12, he cannot be convicted of those offenses and the indictment was properly dismissed as legally defective.

¶ 8        We do not, however, affirm solely on that basis. In the event that the State chooses to re-indict defendant and includes only acts he allegedly committed while ages 13 and 14, the issue whether the indictment may be brought in criminal court would again arise. Accordingly, we consider the substantive question posed, specifically, whether defendant, age 21, may be charged in criminal court with crimes he allegedly committed as a minor and, specifically, before age 15. We review *de novo* issues of law and questions involving statutory interpretation. *People v. Jones*, 214 Ill. 2d 187, 193 (2005) (questions of law reviewed *de novo*). Statutory language is the most reliable indicator of the legislature's intent. *People v. Pullen*, 192 Ill. 2d 36, 42 (2000). The Act governs crimes committed by minors who were under age 17 at the time of the offenses (705 ILCS 405/5-120 (2008)) and it is proper, when interpreting the Act, to consider it in its entirety, remaining mindful of "the subject it addresses and the legislature's apparent objective in enacting it." (Internal quotation marks omitted.) *In re Jaime P.*, 223 Ill. 2d 526, 532 (2006) (interpreting the Act

and quoting *People v. Taylor*, 221 Ill. 2d 157, 162-63 (2006) (also interpreting the Act)). Further, criminal or penal statutes are strictly construed in the accused's favor. *People v. Laubscher*, 183 Ill. 2d 330, 337 (1998). The State, relying upon this court's decision in *Luis R.*,[2] asks us to conclude that proceedings may be initiated in criminal court against a person age 21 or older who allegedly committed a crime as a minor. Keeping in mind the foregoing standards of statutory interpretation, we decline the State's invitation to render such a broad pronouncement.

¶ 9    We agree that, upon reaching age 21, a defendant outgrows his or her juvenile status and is no longer subject to the correctional scheme contemplated by the Act (*Luis R.*, 388 Ill. App. 3d at 733-36; see also *In re Luis R.*, 239 Ill. 2d 295, 308-09 (2010) (Freeman, J., dissenting)), and we acknowledge that the legislature amended the purpose of the Act to emphasize juvenile accountability and the protection of society (see 705 ILCS 405/5-101(1)(a), (1)(b) (West 2008); *In re J.W.*, 204 Ill. 2d 50, 69 (2003) (amendment represents "fundamental shift from the singular goal of rehabilitation to include the overriding concerns for protecting the public and of holding juveniles accountable for violations of the law")). However, and regardless of how other states have interpreted their own juvenile laws, it does not necessarily follow that the statutory scheme enacted by our General Assembly contemplates that a person who commits certain crimes as a *minor* must be subjected to criminal court and its attendant penalties merely because he or she is an adult when charges are initiated. Indeed, in such circumstances, as here, radically different sentences for the same crime, committed at the same age, might result merely from the passage of time before being charged.[3] Accordingly, we consider whether legislative intent, as expressed by the Act, contemplates such a result under the circumstances of this case. We conclude that it does not.

¶ 10    The Act generally provides to minors "a special procedural and substantive enclave" that

---

[2]We reject defendant's argument that we cannot, here, follow this court's interpretation of the Act as announced in *Luis R.* because that case was overruled. Although our supreme court reversed this court's decision, it did so on the basis of a jurisdictional question, concluding, essentially, that any court has jurisdiction to determine whether a petition for adjudication is legally defective in that the respondent fell outside the class of persons against whom such petitions may lawfully be filed. *In re Luis R.*, 239 Ill. 2d 295, 303, 307 (2010). As such, this court's holding that the Act does not apply to persons charged at age 21 or over was not rejected. Thus, there is no bar to our adopting here our position and analysis in *Luis R.*: the Act does not permit delinquency proceedings to be instituted against persons age 21 or older, regardless of the person's age when the offense allegedly occurred.

[3]As defendant notes, if the State had pursued a petition under the Act when defendant was a minor, a finding against him would have resulted in a finding of delinquency, not a conviction, and the Act permits, even for a Class X felony, a sentence that includes probation or a sentence of detention that would terminate upon his reaching age 21. 705 ILCS 405/5-710, 5-715, 5-750(3) (West 2008). In contrast, defendant notes, if, at age 21, he is found guilty in criminal court of the exact same crimes based upon the exact same facts, he will receive Class X felony convictions that provide no possibility of probation and require a *minimum* of 12 years' imprisonment. 720 ILCS 5/12-14(b)(i) (West 2008); 730 ILCS 5/5-5-3(c)(2)(C), 5-8-1(a)(3), 5-8-4(a)(ii) (West 2008).

renders protective and preferential treatment not available to adults accused of committing crimes. See *In re Luis R.*, 239 Ill. 2d at 307-08 (Freeman, J., dissenting). Indeed, section 5-120 of the Act states that, except as provided in four other sections of the Act, "no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2008). None of those four exceptions are met here.

¶ 11     The first exception is simply inapplicable.[4] The second exception concerns automatic-transfer crimes. Indeed, by focusing primarily on defendant's age, the parties have neglected to consider that the Act places great emphasis on the crime with which a defendant is charged. "[T]he framework of the Act *** turns on the offenses in the charging instrument. This court has long recognized that the classification at issue in the Act is based on the minor's age *and* the type of offense charged." (Emphasis added.) *People v. King*, 241 Ill. 2d 374, 385-86 (2011). Accordingly, it is critical here that defendant is not charged with an automatic-transfer crime under section 5-130 of the Act (the second exception provided by section 5-120). 705 ILCS 405/5-130(1)(a) (West 2008). Section 5-130 provides, in part, that any minor who commits a specified crime, including aggravated criminal sexual assault, and, *at the time of the offense*, was "at least 15 years of age," *shall* be prosecuted under the criminal laws of this state. *Id.* This provision clearly reflects that, as it relates to prosecution and sentencing, the General Assembly determined critical an interplay between age and specific crimes such that, where a minor age 15 or older commits any of the specified crimes, prosecution in criminal court, with its attendant correctional scheme, is deemed appropriate. Indeed, it is automatic. Conversely, then, when a minor *under* age 15 commits any of those same crimes, there is no automatic transfer to criminal court and, therefore, the reasonable presumption is that the General Assembly did not wish to automatically attach criminal court proceedings and penalties to those minors who, under age 15, commit certain crimes. Here, defendant is charged with aggravated criminal sexual assault, but he is charged with committing the crime *before* age 15. Therefore, he is not charged with a crime that the Act automatically transfers to criminal court.

¶ 12     Also inapplicable here are the final two exceptions to section 5-120's mandate that a minor, who was under 17 years of age at the time of the alleged offense, may not be prosecuted under the criminal laws. Those exceptions apply where the State has successfully moved to: (1) *transfer* jurisdiction to adult criminal court such that the minor may be prosecuted under criminal law (705 ILCS 405/5-805 (West 2008)); or (2) *extend* the juvenile court's jurisdiction to permit the imposition of a sentence under chapter V of the Unified Code of Corrections (730 ILCS 5/5-1-1 *et seq.* (West 2008)) in *addition* to a sentence under the Act (705 ILCS 405/5-810 (West 2008)), with the adult criminal sentence stayed on the condition that the offender not violate the provisions of the juvenile sentence. Here, the State filed neither motion and, as both of these processes fall within the Act's procedural scheme, they are not now applicable to defendant, who has reached age 21.

---

[4]The first exception involves a defendant who is charged with violating traffic, boating, or fish and game laws. 705 ILCS 405/5-125 (West 2008).

¶ 13    We note that the State explicitly asks that we consider *only* whether dismissal of the second superseding indictment, filed after defendant turned 21, was proper. The State argues that there is nothing inherently improper about obtaining superseding indictments and, therefore, that we should not consider defendant's argument that he was age 20, and still a minor subject to the Act's provisions, when the State brought its first complaint against him. We think it relevant, however, to address the State's contention that initiating proceedings under the Act when defendant was age 20 was not *required* and, in any event, would have been futile because jurisdiction under the Act and any rulings thereunder would have terminated when defendant turned age 21 and, therefore, before it would be possible to hold a trial and for defendant to complete a sentence.

¶ 14    The State is correct that proceedings under the Act generally terminate when the defendant reaches age 21. *In re Jaime P.*, 223 Ill. 2d 526, 533 (2006). However, and as repeatedly emphasized by our supreme court in *Jaime P.*, section 5-810 (the extended jurisdiction provision) is the "sole exception to the Act's rule of automatic termination of '[a]ll proceedings' at age 21." *Jaime P.*, 223 Ill. 2d at 538 (quoting 705 ILCS 405/5-755(1) (West 1998)). The court stated, "the plain intent of the [Act] was to set the age of 21 as the maximum for all juvenile dispositions, with the limited exception of the [extended jurisdiction provision] provided in section 5-810" and, further, "the *only* exception to the rule of automatic termination of all proceedings under the Act at age 21 is that set forth in section 5-810." (Emphasis added.) *Id.* at 539. Accordingly, there, the court reiterated that, because penal statutes are to be strictly construed in the accused's favor, the State's interpretation was not favored; as the defendant had turned age 21 and the State had not, prior thereto, moved for extended jurisdiction under section 5-810, there was no exception to the rule that, regardless of other pending motions or petitions, all proceedings under the Act terminated when the defendant had reached age 21. *Id.* at 539-40.

¶ 15    Here, pursuing against defendant an initial petition under the Act would not have been futile. As to the State's concern that defendant would turn age 21 before he could complete a sentence under the Act, a successful section 5-810 motion would allow imposition of a criminal sentence that might extend past the defendant's twenty-first birthday. 705 ILCS 405/5-810 (West 2008). Further, section 5-810 provides that hearings on motions under that section must be held within 30 days, unless the prosecution or minor shows good cause why the hearing cannot be held within this time period, in which case the hearing must be held within 60 days. 705 ILCS 405/5-810 (West 2008). The State brought its first charges against defendant in criminal court on November 10, 2009, while he was age 20; therefore, had it wished to move for extended jurisdiction, it had sufficient time to obtain a hearing on that motion prior to defendant's twenty-first birthday, almost six months later.

¶ 16    Similarly, even if a trial would not likely have been held prior to defendant's twenty-first birthday (such that, regardless of a successful section 5-810 motion, the court would lose authority to impose a sentence under the Act), there was sufficient time for the State to file, while defendant was age 20, a motion under section 5-805 of the Act for a discretionary transfer to criminal court. That mechanism permits the trial court to determine whether certain non-automatic-transfer cases might be appropriate for criminal court. 705 ILCS 405/5-805(3) (West 2008). If that motion were granted, a trial of defendant could properly

be held, after he turned age 21, in criminal court. Therefore, while the State is correct that it was not *required* to file against defendant an initial petition or a motion to transfer or extend jurisdiction under the Act, its failure to do so precludes prosecution after defendant's twenty-first birthday.[5]

¶ 17　　In sum, defendant, age 21, is charged with committing aggravated criminal sexual assault *before* age 15. These charges do not constitute automatic-transfer crimes, nor do they fall within any of the Act's other exceptions to its mandate that, where the accused was under age 17 at the time of the offense, prosecution under the criminal laws is prohibited. 705 ILCS 405/5-120 (West 2008). We recognize that this invites the question whether, if a defendant *is* charged at age 21 or older with a crime committed as a minor that *does* constitute an automatic-transfer crime, prosecution in criminal court is permitted. We leave that question for another day.[6] Here, the General Assembly's decision to exclude as an automatic-transfer crime aggravated criminal sexual assault committed by a minor under age 15 sufficiently reflects that it did not contemplate that such a crime would automatically expose the accused to criminal prosecution and penalties. We do not agree that this legislative intent is altered by the simple fact that defendant was no longer a minor when charges were initiated. Thus, we conclude that the trial court properly dismissed the indictment.

¶ 18　　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　For the foregoing reasons, the judgment of the circuit court of De Kalb County is affirmed.

¶ 20　　Affirmed.

---

[5]Two additional points: first, the State represents that it did not file an initial petition under the Act because our decision in *Luis R.* precluded it. This overlooks the fact that, unlike the defendant in *Luis R.*, defendant here remained a minor when the initial charges were filed. Second, there is authority to suggest that, where an initial complaint is not dismissed, it remains pending even where successive charging instruments are dismissed. See *People v. Lowell*, 75 Ill. App. 3d 1007 (1979). We do not, however, interpret *Lowell*, a case not involving proceedings under the Act, to in any way permit the State to proceed on its initial complaint, which has not been dismissed. First, and again, the State did not file those initial charges under the Act; therefore, now that defendant is 21 years old, it cannot now go back and do so. Second, even if the initial charges had been filed under the Act, *Jaime P.* instructs that, unless a section 5-810 petition is filed, all proceedings and pending matters under the Act terminate at age 21.

[6]We note that we do not agree with defendant that this question has been settled by the decisions in *People v. Brazee*, 316 Ill. App. 3d 1230 (2000), *People v. Brazee* (*Brazee II*), 333 Ill. App. 3d 43 (2002), and our supreme court's decision in *King*, 241 Ill. 2d 374, all of which concerned sentencing issues, not the forum for initiating charges against a person age 21 or older who allegedly committed a crime as a minor.