# Illinois Official Reports

## Appellate Court

---

### *People v. Smolley*, 2018 IL App (3d) 150577

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTIZE M. SMOLLEY, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0577 |
| Filed<br>Rehearing denied | March 2, 2018<br>April 16, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 04-CF-613; the Hon. Stephen A. Kouri, Judge, presiding. |
| Judgment | Sentence vacated; cause remanded. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Josette Skelnik, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Patrick Delfino, Lawrence M. Bauer, and Dawn Duffy, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justices McDade and O'Brien concurred in the judgment and opinion. |

¶ 1 Defendant Martize M. Smolley was charged with first degree murder and unlawful possession of a firearm when he was 15 years old. He was automatically transferred to adult court, where a bench trial was held. Defendant was convicted of two counts of felony murder and one count of unlawful possession of a firearm. Defendant was originally sentenced to natural life in prison but received a new sentencing hearing, where the trial court sentenced him to a total of 65 years' imprisonment. Defendant appeals, arguing that he is entitled to a discretionary transfer hearing and a new sentencing hearing. We deny defendant's request for a discretionary transfer hearing but vacate his sentence and remand for a new sentencing hearing.

¶ 2                                                          FACTS

¶ 3 In 2004, when defendant Martize M. Smolley was 15 years old, he was charged with unlawful possession of a firearm (720 ILCS 5/24-3.1(a)(1) (West 2004)) and four counts of first degree murder (*id.* § 9-1(a)(2), (3)) for killing Kelly Houser and her daughter, Amy Allen. He was automatically transferred to adult court, pursuant to section 5-130 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-130 (West 2004)).

¶ 4 In 2005, defendant's bench trial was held. At the conclusion of the trial, the court found defendant guilty of unlawful possession of a firearm and two counts of felony murder. The trial court sentenced defendant to a mandatory term of natural life in prison. Defendant appealed his sentence, arguing that it violated the proportionate penalties clause of the Illinois Constitution. We affirmed defendant's sentence. See *People v. Smolley*, 375 Ill. App. 3d 167 (2007).

¶ 5 In 2008, defendant filed a postconviction petition, again challenging his sentence and also alleging ineffective assistance of his trial and appellate counsel. The State filed a motion to dismiss the petition, which the trial court granted.

¶ 6 In 2013, defendant filed a *pro se* successive postconviction petition, arguing that his mandatory natural life sentence was unconstitutional. The trial court initially denied the petition, and defendant filed a motion to reconsider. The trial court granted defendant's motion to reconsider, granted defendant leave to file a successive postconviction petition, and appointed counsel to represent defendant. In 2015, the State conceded that defendant's natural life sentence was unconstitutional and that a new sentencing hearing should be held.

¶ 7 A new sentencing hearing was held in August 2015. At the conclusion of the hearing, the trial court stated:

> "Okay. I've considered the presentence investigation report, the evidence and arguments presented, the statement made by the Defendant. I've considered the statutory matters in aggravation and mitigation, the history and character of the Defendant, the circumstances and nature of the offense.
>
> I'm going to sentence the Defendant for each murder, which I understand is consecutive—that's a major factor in how I'm arriving at my decision. I'm going to sentence the Defendant on each murder to 32 and one *** half years for a total of 65 years. No day-for-day. He'll have to serve 100 percent of that time. He'll get credit for the time that he's got in."

Defendant filed a motion to reconsider his sentence, which the trial court denied. Defendant appealed.

¶ 8                                                   ANALYSIS
¶ 9                                   I. Discretionary Transfer Hearing
¶ 10     In 2004, when defendant was charged with unlawful possession of a firearm and first degree murder, section 5-130(1)(a) of the Act provided that a juvenile who was 15 years of age or older and charged with certain serious offenses, including first degree murder, would be automatically transferred to adult court. 705 ILCS 405/5-130(1)(a) (West 2004). Effective January 1, 2016, the legislature amended section 5-130(1)(a) of the Act, raising the minimum age of juveniles automatically transferred to adult court from 15 to 16 years of age. 705 ILCS 405/5-130(1)(a) (West 2016). That amendment became effective while this case was pending on appeal. Defendant argues that the 2016 amendment applies retroactively to his case and requests remand to the juvenile court for a discretionary transfer hearing.

¶ 11     The 2016 amendment to section 5-130(1)(a) of the Act is procedural and applies retroactively to "pending cases." *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 28. However, the amendment does not apply to cases pending in the appellate court when the legislation became effective. See *People v. Hunter*, 2017 IL 121306, ¶ 43.

¶ 12     Recently, our supreme court refused to apply the amended version of section 5-130(1)(a) retroactively to a defendant whose case was pending on appeal on the amendment's effective date. The court reasoned:

>        "Because [defendant]'s trial court proceedings have been concluded, and no further trial court proceedings are necessitated by reversible error, applying the amended statute retroactively to [defendant]'s case would result in this court effectively creating new proceedings for the sole purpose of applying a procedural statute that postdates his trial and sentence." *Id.* ¶ 33.

The court also rejected retroactive application of the amendment because a discretionary transfer hearing in juvenile court was not feasible because the defendant was over 21 years old and not subject to the jurisdiction of the juvenile court. *Id.* ¶¶ 37-41 (citing *People v. Fiveash*, 2015 IL 117669, ¶¶ 14-16 (juvenile court has no authority over a person 21 years of age or older)).

¶ 13     In this case, defendant's trial concluded in 2005, over 12 years ago. Defendant is now 29 years old. A discretionary transfer hearing, which proceeds in juvenile court, is no longer feasible because the juvenile court may not exercise jurisdiction over defendant. See *id.* ¶¶ 38, 41; *Fiveash*, 2015 IL 117669, ¶¶ 14, 16. Because the amendment to section 5-130(1)(a) of the Act did not become effective until after defendant's trial court proceedings concluded and defendant is no longer subject to the jurisdiction of the juvenile court, the amendment does not apply retroactively to defendant's case. See *Hunter*, 2017 IL 121306, ¶ 43.


¶ 14                                     II. Sentencing Hearing
¶ 15     The United States Constitution prohibits "cruel and unusual" punishment. U.S. Const., amend. VIII. "Inherent in that prohibition is the concept of proportionality." *People v. Holman*, 2017 IL 120655, ¶ 33. Criminal punishment should be "graduated and proportioned to both the offender and the offense." *People v. Davis*, 2014 IL 115595, ¶ 18. "When the offender is a

- 3 -

juvenile and the offense is serious, there is a genuine risk of disproportionate punishment." *Holman*, 2017 IL 120655, ¶ 33.

¶ 16    In *Miller v. Alabama*, 567 U.S. 460, 479 (2012), the United States Supreme Court held that the eighth amendment prohibits "a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The Court stated, "By making youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence, such a scheme poses too great a risk of disproportionate punishment." *Id.* The Supreme Court did not prohibit all life sentences for juveniles but stated that such sentences should "be uncommon" because of "children's diminished culpability and heightened capacity for change." *Id.* The Supreme Court instructed sentencing courts to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480.

¶ 17    Following *Miller*, the Illinois Supreme Court in *People v. Reyes*, 2016 IL 119271, ¶ 8, held that a juvenile may not be sentenced to "a mandatory term of years that 'indisputably amount[s]' to life imprisonment without the possibility of parole for a single offense or for offenses committed in a single course of conduct." The court explained that a mandatory term of years "that cannot be served in one lifetime" amounts to a *de facto* life sentence and "has the same practical effect on a juvenile defendant's life as would an actual mandatory sentence of life without parole—in either situation, the juvenile will die in prison." *Id.* ¶ 9. Relying on *Miller*, the court stated, "[A] juvenile may not be sentenced to a mandatory, unsurvivable prison term without first considering in mitigation his youth, immaturity, and potential for rehabilitation." *Id.*

¶ 18    Recently, the Illinois Supreme Court held that *Miller* applies not only to mandatory life sentences but also to discretionary sentences that amount to life without parole for juvenile defendants. *Holman*, 2017 IL 120655, ¶ 40. "Life sentences, whether mandatory or discretionary, for juvenile defendants are disproportionate and violate the eighth amendment, unless the trial court considers youth and its attendant characteristics." *Id.*

¶ 19    "[A] juvenile defendant may be sentenced to life imprisonment without parole, but only if the trial court determines that the defendant's conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation." *Id.* ¶ 46. "The court may make that decision only after considering the defendant's youth and its attendant characteristics." *Id.* The United States Supreme Court has instructed that life sentences should be reserved for "the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." *Montgomery v. Louisiana*, 577 U.S. ___, ___, 136 S. Ct. 718, 734 (2016).

¶ 20    In 2016, the Illinois legislature enacted section 5-4.5-105 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-105 (West 2016)), which provides a new sentencing scheme for criminal defendants under 18 years of age. *Reyes*, 2016 IL 119271, ¶ 11. The new statute requires the sentencing judge to consider various factors before sentencing, including the defendant's impetuosity, level of maturity, and ability to consider risks and consequences; whether the defendant was subjected to outside pressures; the defendant's home environment; and any history of parental neglect, physical abuse, or other childhood trauma. 730 ILCS 5/5-4.5-105(a)(1)-(9) (West 2016).

¶ 21    Where the record does not indicate that the trial court considered the defendant's characteristics of youth before sentencing a juvenile to a *de facto* life sentence, the case should

- 4 -

be remanded for a new sentencing hearing. See *People v. Ortiz*, 2016 IL App (1st) 133294, ¶ 25. A defendant is entitled, on remand, to be resentenced under the sentencing scheme of section 5-4.5-105 of the Code. *Reyes*, 2016 IL 119271, ¶ 12.

¶ 22    Here, defendant was sentenced to 65 years in prison, a *de facto* life sentence. See *People v. Buffer*, 2017 IL App (1st) 142931, ¶ 62 (50 years *de facto* life sentence); *Ortiz*, 2016 IL App (1st) 133294, ¶ 24 (60 years *de facto* life sentence). Thus, the trial court was required to consider defendant's youth, immaturity, and potential for rehabilitation. See *Reyes*, 2016 IL 119271, ¶ 9. While the trial court stated that it considered the statutory aggravating and mitigating factors, the court never mentioned defendant's youth and its attendant characteristics. Thus, defendant is entitled to a new sentencing hearing where the trial court must consider the factors set forth in section 5-4.5-105 of the Code. See *id.* ¶ 12.

¶ 23                                   CONCLUSION

¶ 24    The sentence of the circuit court of Peoria County is vacated, and the cause is remanded to the circuit court for resentencing in accordance with section 5-4.5-105 of the Code.

¶ 25    Sentence vacated; cause remanded.