**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190545-U

Order filed May 4, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0545 Circuit No. 04-CF-613 |
| MARTIZE M. SMOLLEY, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment.

**ORDER**

¶ 1        *Held*:   Defendant's sentence does not violate the proportionate penalties clause.

¶ 2        Defendant, Martize M. Smolley, appeals from the Peoria County circuit court's

imposition of his 40-year prison sentence. Defendant argues that the Truth-in-Sentencing Act

(Act) (730 ILCS 5/3-6-3(a)(1),(2)(i) (West 2018)), and consecutive sentencing requirement (*id.*

§ 5-8-4(d)(1)) as applied to him, violates the proportionate penalties clause of the Illinois

Constitution. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          The State charged defendant with four counts of first degree murder (720 ILCS 5/9-

1(a)(2), (a)(3) (West 2004)), and one count of unlawful possession of a firearm (*id.* § 24-

3.1(a)(1)). Defendant was 15 years old at the time of the offenses. The court appointed counsel

and the matter proceeded to a bench trial.

¶ 5          The evidence adduced at trial showed that on the evening of June 14, 2004, Kelley

Houser and her daughter, Amy Allen, left their residence to buy ice cream. Before purchasing ice

cream, Houser stopped at an automated telling machine (ATM) to withdraw money. Defendant

was waiting near the ATM for someone to pull up. When Houser arrived, defendant approached

her vehicle. Defendant pointed a gun inside the open driver's door window and Houser started

driving away. When the door frame hit defendant's hand, it caused him to pull the trigger and

shoot the gun. The gunshot hit both Houser and Allen, causing their deaths. Defendant fled the

scene. Video surveillance from the ATM corroborated the sequence of events. Defendant told

police that he had been carrying the gun for protection and only intended to scare the driver with

the gun and rob her. Defendant indicated that the shooting was an accident. The court found

defendant guilty of counts I and II for first degree murder under the theory of felony murder and

count V, unlawful possession of a firearm.

¶ 6          The court sentenced defendant to a mandatory sentence of life imprisonment. On direct

appeal, defendant argued that his mandatory life sentence violated the proportionate penalties

clause of the Illinois Constitution. We affirmed defendant's convictions and sentence. *People v.*

*Smolley*, 375 Ill. App. 3d 167 (2007).

¶ 7          Defendant filed a postconviction petition challenging his mandatory life sentence under

the proportionate penalties clause of the Illinois Constitution. The court granted the State's

motion to dismiss. On appeal, we allowed counsel to withdraw and affirmed defendant's convictions and sentence. *People v. Smolley*, No. 3-09-0673 (2010) (unpublished dispositional order).

¶ 8        Defendant filed a successive postconviction petition, alleging an as-applied constitutional challenge to his mandatory life sentence under the eighth amendment. Initially, the court denied defendant's motion for failure to request leave to file his successive postconviction petition. Following defendant's motion to reconsider the denial of his successive postconviction petition, the court granted defendant leave and appointed the public defender. The State conceded that under *Miller v. Alabama*, 567 U.S. 460 (2012), defendant's sentence was unconstitutional and agreed that a new sentencing hearing was needed. The court ordered a presentence investigation report (PSI). Following the sentencing hearing, the court resentenced defendant to 65 years' imprisonment. On appeal, we vacated defendant's sentence and remanded the matter for a new sentencing hearing. *People v. Smolley*, 2018 IL App (3d) 150577. We found that the circuit court failed to consider defendant's youth and its attendant characteristics before entering a *de facto* life sentence. *Id.* ¶ 22.

¶ 9        On remand, the court ordered a revised PSI. The PSI showed that defendant had received mental health and substance abuse counseling, obtained his general education diploma, and completed several other certifications and programs during his incarceration.

¶ 10        In aggravation, the State played the ATM surveillance video that showed the shooting. The State argued that defendant's actions showed irreparable depravity and rejected defendant's claim that the discharge of the firearm was an accident.

¶ 11        Defense counsel argued that defendant had not intended to cause the victims' death. Further, defendant exhibited a lack of maturity, impulsivity, and reckless behavior. Counsel

noted that defendant's actions while in prison show that he can be rehabilitated and asked for the minimum sentence of 40 years' imprisonment.

¶ 12        In allocution, defendant stated that he was immature at the time of the offenses and had shown he could mature in prison. Defendant regretted his actions and accepted responsibility.

¶ 13        Following arguments, the court found that the offenses resulted from an accidental discharge of a firearm. The court considered the statutory factors, including defendant's present character, attitude, and maturity. The court also noted defendant's youth and its attendant characteristics at the time of the offenses. The court found that defendant's actions did not involve irretrievable depravity. The court accepted defendant's claim of remorse and sentenced defendant to the minimum sentence of 40 years' imprisonment, comprised of 20 years for each count of first degree murder to be served consecutively.

¶ 14                                    II. ANALYSIS

¶ 15        On appeal, defendant argues that application of the Act, which requires him to serve 100% of his two consecutive 20-year sentences, violates the proportionate penalties clause of the Illinois Constitution. Specifically, the Act forecloses the opportunity for defendant to obtain release based on his demonstrated maturity and rehabilitation and removes the court's discretion when sentencing.

¶ 16        We begin by reviewing the statute that defendant argues is unconstitutional as applied to him. The Act is "designed to encourage rehabilitation and enable an offender to be released after he serves half of the determinate sentence" in certain circumstances. *People v. Dorsey*, 2021 IL 123010, ¶ 52. The Act limits the credit in other instances, such as first degree murder, requiring a defendant to serve 100% of his sentence. 730 ILCS 5/3-6-3(a)(1)(2)(i) (West 2018). In the

4

context of this case, the Act requires that defendant serve 100% of his two 20-year sentences for first degree murder for a total of 40 years' imprisonment. See also *id.* § 5-8-4(d)(1).

¶ 17      Turning to defendant's constitutional challenge, we note that in *Miller*, the Supreme Court found that a life sentence without the possibility of parole "poses too great a risk of disproportionate punishment" to juvenile offenders under the eighth amendment. *Miller*, 567 U.S. at 479. As a result, *Miller* outlined several factors that a court must contemplate to ensure consideration of a juvenile's youth and its attendant characteristic before imposing a life sentence. *Id.* Our supreme court has extended *Miller* to require sentencing courts to consider youth and its attendant characteristics before imposing a *de facto* life sentence. *People v. Reyes*, 2016 IL 119271, ¶¶ 7-8. In *People v. Buffer*, 2019 IL 122327, ¶ 41, our supreme court defined a *de facto* life sentence as a sentence of more than 40 years' imprisonment. Additionally, the supreme court explained that a sentence below a *de facto* life provides a meaningful opportunity for rehabilitation, and therefore, does not violate the eighth amendment. *Id.* Thus, to prevail on a *Miller* claim, "a defendant sentenced for an offense committed while a juvenile must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *Id.* ¶ 27.

¶ 18      We note that defendant does not raise and would not prevail on a strict *Miller* claim because the court did not impose a *de facto* life sentence. Rather, the court imposed a 40-year sentence comprised of two consecutive minimum sentences of 20 years' imprisonment. See 730 ILCS 5/5-4.5-20(a)(1) (West 2018) (first degree murder carries a sentencing range of 20 to 60 years' imprisonment); *id.* § 5-8-4(d)(1), 3-6-3(a)(1)(2)(i).

¶ 19   Instead, defendant argues that *Buffer* does not preclude his argument because he raises his challenge under the proportionate penalties clause of the Illinois Constitution and is challenging the requirement of the Act that he serve 100% of the sentence. The proportionate penalties clause requires that a punishment serve the purpose of restoring an offender to society. Ill. Const. 1970, art. I, § 11. Our supreme court has indicated that the proportionate penalties clause provides greater protection against excessive punishment than the eighth amendment. *People v. Clemons*, 2012 IL 107821, ¶ 40. A sentence violates the proportionate penalties clause when the punishment is "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Miller*, 202 Ill. 2d 328, 338 (2002).

¶ 20   However, our supreme court in *Dorsey*, 2021 IL 123010, ¶ 64, foreclosed even a proportionate penalties challenge to a sentence of less than 40 years where it held

> "the more-than-40-years mark in *Buffer* is meant to be the line for a *de facto* life sentence where there is no opportunity to demonstrate rehabilitation and obtain release short of serving more than 40 years in prison. In other words, a judicially imposed sentence that is more than 40 years but offers day-for-day, good-conduct sentencing credit does not cross the *Buffer* line if it offers the opportunity to demonstrate maturity and obtain release with 40 years or less of incarceration."

The appellate court has interpreted this to mean "a juvenile defendant's sentence (whether served at 100%, 85%, or 50%) may be subject to a constitutional challenge only if it will keep the juvenile in prison for more than 40 years." *People v. Brakes*, 2021 IL App (1st) 181737, ¶ 42.

¶ 21   Here, defendant is required to serve 40 years' imprisonment, and therefore, after *Dorsey* and *Buffer*, he cannot mount a proportionate penalties challenge.

¶ 22                              III. CONCLUSION

6

¶ 23     The judgment of the circuit court of Peoria County is affirmed.

¶ 24     Affirmed.