**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 190545-UB

Order filed August 8, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0545 Circuit No. 04-CF-613 |
| MARTIZE M. SMOLLEY, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Albrecht and Davenport concurred in the judgment.

**ORDER**

¶ 1        *Held*:   Defendant's sentence does not violate the proportionate penalties clause.

¶ 2        Defendant, Martize M. Smolley, appeals from the Peoria County circuit court's imposition of his 40-year prison sentence. Defendant argues that the Truth-in-Sentencing Act (730 ILCS 5/3-6-3(a)(1), (2)(i) (West 2018)), and consecutive sentencing requirement (*id.* § 5-8-4(d)(1)) as applied to him, violates the proportionate penalties clause of the Illinois Constitution. We affirm.

¶ 3                                                       I. BACKGROUND

¶ 4        The State charged defendant with four counts of first degree murder (720 ILCS 5/9-1(a)(2), (3) (West 2004)), and one count of unlawful possession of a firearm (*id.* § 24-3.1(a)(1)). Defendant was 15 years old at the time of the offenses. The court appointed counsel, and the matter proceeded to a bench trial.

¶ 5        The evidence adduced at trial showed that on the evening of June 14, 2004, Kelley Houser and her daughter, Amy Allen, left their residence to buy ice cream. On the way, Houser stopped at an automated teller machine (ATM) to withdraw money. Defendant was waiting near the ATM for someone to pull up. When Houser arrived, defendant approached her vehicle. Defendant pointed the gun inside the open driver's door window, and Houser started driving away. When the door frame hit defendant's hand, it caused him to pull the trigger and shoot the gun. The gunshot hit both Houser and Allen, causing their deaths. Defendant fled the scene. Video surveillance from the ATM corroborated the sequence of events. Defendant told police that he only intended to scare the driver with the gun and rob her. Defendant indicated that the shooting was an accident. The court found defendant guilty of two counts of first degree murder under the theory of felony murder and unlawful possession of a firearm.

¶ 6        The court sentenced defendant to a mandatory sentence of life imprisonment. On direct appeal, defendant argued that his mandatory life sentence violated the proportionate penalties clause of the Illinois Constitution. We affirmed defendant's convictions and sentence. *People v. Smolley*, 375 Ill. App. 3d 167 (2007). Defendant filed a postconviction petition challenging his mandatory life sentence under the proportionate penalties clause of the Illinois Constitution. The court granted the State's motion to dismiss. On appeal, we allowed counsel to withdraw and affirmed defendant's convictions and sentence. *People v. Smolley*, No. 3-09-0673 (2010)

(unpublished dispositional order). Defendant filed a successive postconviction petition, alleging an as-applied constitutional challenge to his mandatory life sentence under the eighth amendment. The court granted defendant leave to file. The State conceded that under *Miller v. Alabama*, 567 U.S. 460 (2012), defendant's sentence was unconstitutional and agreed to a new sentencing hearing. The court ordered a presentence investigation report (PSI). Following the sentencing hearing, the court resentenced defendant to 65 years' imprisonment. On appeal, we vacated defendant's sentence and remanded the matter for a new sentencing hearing. *People v. Smolley*, 2018 IL App (3d) 150577, ¶ 24. Specifically, we found that the circuit court failed to consider defendant's youth and its attendant characteristics before entering a *de facto* life sentence. *Id.* ¶ 22.

¶ 7 On remand, in August 2019, a revised PSI showed that defendant had received mental health and substance abuse counseling, obtained his general education diploma, and completed several other certifications and programs. In aggravation, the State played the ATM surveillance video. The State argued that defendant's actions showed irreparable depravity and rejected defendant's claim that the discharge of the firearm was an accident. Defense counsel argued that defendant had not intended to cause the victims' death. Further, defendant lacked maturity and exhibited impulsivity and reckless behavior. Counsel noted that defendant's actions while in prison show that he can be rehabilitated and asked for the minimum sentence of 40 years' imprisonment. In allocution, defendant stated that he was immature at the time of the offenses and had shown he could mature in prison. Defendant regretted his actions and accepted responsibility. Following arguments, the court found that the offenses resulted from an accidental discharge of a firearm. The court considered the statutory factors, including defendant's present character, attitude, and maturity. The court also noted defendant's youth and its attendant

3

characteristics at the time of the offenses. The court found that defendant's actions did not involve irretrievable depravity. The court accepted defendant's claim of remorse and sentenced defendant to the minimum sentence of 40 years' imprisonment, comprised of 20 years for each count of first degree murder to be served consecutively.

¶ 8                                                    II. ANALYSIS

¶ 9            On appeal, defendant argues that applying the truth-in-sentencing law to defendant's 40-year sentence violated the proportionate penalties clause of the Illinois Constitution. We originally affirmed, finding that pursuant to *People v. Dorsey*, 2021 IL 123010, ¶ 64, *People v. Buffer*, 2019 IL 122327, ¶¶ 40-41, and *People v. Brakes*, 2021 IL App (1st) 181737, ¶ 42, defendant did not receive a *de facto* life sentence and, therefore, could not prevail on his claim. *People v. Smolley*, 2022 IL App (3d) 190545-U, ¶¶ 20-21, *vacated*, No. 129137 (Ill. Jan. 24, 2024) (supervisory order).

¶ 10           After our order in this case, the supreme court limited *Miller* as-applied proportionate penalties clause challenges to " '*mandatory* life sentences.' " (Emphasis in original.) *People v. Hilliard*, 2023 IL 128186, ¶ 27 (quoting *People v. Clark*, 2023 IL 127273, ¶ 88). The supreme court specifically stated that "*Miller* applies to neither discretionary sentences nor adults." *Id.* ¶ 28. The supreme court also generally remarked that

> " 'as our society evolves, so too do our concepts of elemental decency and
> fairness which shape the "moral sense" of the community.' [(*People v. Miller*,
> 202 Ill. 2d 328, 339 (2002)]. A court reviews 'the gravity of the defendant's
> offense in connection with the severity of the statutorily mandated sentence
> within our community's evolving standard of decency.' *Id.* at 340.

4

'[T]he legislature has the power to prescribe penalties for defined offenses, and that power necessarily includes the authority to prescribe mandatory sentences, even if such sentences restrict the judiciary's discretion in imposing sentences.' *People v. Huddleston*, 212 Ill. 2d 107, 129 (2004). " *Hilliard*, 2023 IL 128186, ¶¶ 20-21.

¶ 11    Subsequently, our supreme court entered a supervisory order directing us to vacate our prior judgment and consider the effect of its opinion in *Hilliard* to determine whether defendant may challenge his sentence under the proportionate penalties clause where the sentence is not a *de facto* life sentence. *People v. Smolley*, No. 129137 (Ill. Jan. 24, 2024) (supervisory order). We now address that issue.

¶ 12    The proportionate penalties clause states: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. A statute only violates the proportionate penalties clause if the penalty is harsher than the penalty for a different offense containing identical elements or the punishment is cruel, degrading, or so disproportionate to the offense as to shock the moral sense of the community. *Hilliard*, 2023 IL 128186, ¶ 20. An as-applied challenge to a mandatory sentencing statute must overcome the presumption that "the statute is constitutional by clearly establishing that the statute is invalid as applied to him." *Id.* ¶ 21. To make a proportionate penalties clause challenge based on *Miller* and its progeny, a defendant must show that he (1) was under 21 years old at the time of the offense, and (2) received a mandatory natural or *de facto* life sentence. See *id.* ¶ 27; *Clark*, 2023 IL 127273, ¶¶ 87-88. Defendant argues that his sentence is a result of the combination of truth-in-sentencing and mandatory consecutive sentences for first degree murder and violates the proportionate penalties

clause. Defendant reasons that truth-in-sentencing, requiring him to serve his sentence at 100%, prevents a meaningful opportunity to demonstrate rehabilitation, where there is "no ability to have [defendant's] sentence[ ] lessened and, as a result, creates an unconstitutional scheme as applied to juveniles" under *Miller* and its progeny.

¶ 13    First, defendant was 15 years old and eligible for *Miller* considerations. See *Smolley*, 2018 IL App (3d) 150577, ¶ 22; see also *Smolley*, No. 3-09-0673. Second, we must determine whether defendant received a "mandatory" or a *de facto* life sentence. *Hilliard*, 2023 IL 128186, ¶ 27. Here, defendant faced a statutory sentencing range of 20 to 60 years' imprisonment for each count of first degree murder (730 ILCS 5/5-4.5-20(a)(1) (West 2018)), to be served mandatorily consecutive at 100% (*id.* §§ 5-8-4(d)(1), 3-6-3(a)(1), (2)(i)). Defendant's aggregate sentence of 40 years' imprisonment was not a *de facto* life sentence. See *Hilliard*, 2023 IL 128186, ¶ 27; *People v. Kendrick*, 2023 IL App (3d) 200127, ¶ 41; *Buffer*, 2019 IL 122327, ¶¶ 40-41. "If a defendant has a meaningful opportunity to obtain release before serving more than 40 years in prison, he has not received a *de facto* life sentence." *Kendrick*, 2023 IL App (3d) 200127, ¶ 41. Defendant's sentence was not more than 40 years. Further, due to defendant's age and sentencing after June 2019, he is eligible for parole review after serving 20 years' imprisonment. See 730 ILCS 5/5-4.5-115(b) (West 2020) ("A person under 21 years of age at the time of the commission of first degree murder *** shall be eligible for parole review *** after serving 20 years or more of his *** sentence ***."). Defendant's "opportunity for parole provides a meaningful opportunity for release." *People v. Beck*, 2021 IL App (5th) 200252, ¶ 22; 730 ILCS 5/5-4.5-115(b). Therefore, even if defendant's " 'sentences restrict[ed] the judiciary's discretion,' " defendant's non *de facto* sentence does not trigger a proportionate penalties

violation under *Miller. Hilliard*, 2023 IL 128186, ¶ 21 (quoting *Huddleston*, 212 Ill. 2d 107, 129); *Dorsey*, 2021 IL 123010, ¶ 65.

¶ 14 Moreover, given the underlying circumstances, we cannot find that defendant's 40-year sentence violated the proportionate penalties clause. Specifically, the facts in this case establish that defendant acted alone and made a deliberate choice to approach Houser's vehicle with a loaded firearm to rob them while using the ATM, resulting in the death of two people. See *Hilliard*, 2023 IL 128186, ¶¶ 34, 40. Accordingly, defendant's sentence does not violate the proportionate penalties clause, where it "is not even arguably 'cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community.' " *Id.* ¶ 40 (quoting *Miller*, 202 Ill. 2d at 338).

¶ 15 III. CONCLUSION

¶ 16 The judgment of the circuit court of Peoria County is affirmed.

¶ 17 Affirmed.